IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Petitioner, | ) | Case No: 17 C 50076 |
| | ) | |
| v. | ) | |
| | ) | Judge Philip G. Reinhard |
| Andy Serrell Carter, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

For the following reasons, defendant's 28 U.S.C. § 2255 motion [1] is dismissed. The court declines to issue a certificate of appealability. This matter is terminated.

## STATEMENT

On March 9, 2017, defendant Andy Carter filed a 28 U.S.C. § 2255 motion [1] challenging his May 20, 2005 sentence for bank robbery, in violation of 18 U.S.C. § 2113(a)-(b) and use of a handgun in violations of 18 U.S.C. § 924(c)(1)(A) in *United States v. Carter*, Case No. 04 CR 50032-1, at Docs. #22-23 (N.D. Ill.). Specifically, defendant challenges his career offender status based on *Johnson*. On March 10, 2017, this court ordered defendant to show cause why his motion should not be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2255 Cases, based on the fact that it was filed over one year after *Johnson*, defendant waived his right to collaterally attack his sentence in his plea agreement, and *Beckles* was decided against him. *See* [3]. Defendant filed a response to the court [4] as well as two subsequent letters [5]; [6]. For the following reasons, defendant's § 2255 motion must be dismissed.

As an initial matter, the court notes that *Johnson v. United States*, 135 S.Ct. 2551 (2015) was decided on June 26, 2015, more than one year prior to defendant's motion for purposes of 28 U.S.C. § 2255(f)(3). Defendant did file a motion for reconsideration of his sentence in his criminal case on September 6, 2016, which the court found arguably related to *Johnson*, but this does not help defendant because this motion was also filed beyond the one-year limitation period. *See* Case No. 04 CR 50032-1, at Docs. #25, 30. As such, the motion is untimely under § 2255(f)(3).

Next, defendant entered into a written plea agreement with the government on March 9, 2005. *See* Case No. 04 CR 50032-1, Doc. #21. The plea agreement contained the provision that defendant waived his right "to contest , under . . . 28 U.S.C. Section 2255 . . . his conviction and the resulting sentence, in exchange for the concessions made by the United States in this plea agreement" except for collateral attacks presenting "a claim of involuntariness, or ineffective

1

assistance of counsel, which relates directly to this waiver or its negotiation." *See id.* at 11. Defendant does not challenge the voluntariness of his plea.

Most importantly, the Supreme Court in *Beckles v. United States*, 137 S.Ct. 886 (2017) explicitly held that "[b]ecause the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, § 4B1.2(a)'s residual clause is not void for vagueness." *See id*. at 897. The Supreme Court's opinion in *United States v. Booker*, 543 U.S. 220 (2005) was decided on January 12, 2005, and defendant was sentenced on May 20, 2005, after the Guidelines were advisory. *See* Case No. 04 CR 50032-1, at Docs. #22-23. As such, *Beckles* controls and defendant's § 2255 motion must be dismissed. While defendant contends that his prior convictions would no longer qualify him for career offender status, he points to no non-*Johnson* authority that would allow his motion to be timely under § 2255(f)(3).

Finally, the court notes that defendant has asked the court to request that the government decide if it wishes to waive any of the prior procedural issues with his § 2255 motion. The court declines to do so, finding that the government's input is not required for the court to determine that defendant's motion is definitely foreclosed by *Beckles* and must be dismissed. In addition, the court acknowledges defendant's letters [5]; [6] in which he affirms his redemption and relates his wife's illness and his health issues. While the court understands defendant's concerns and commends defendant on his admiral behavioral while incarcerated, the court has no authority to reduce his sentence on this basis.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings for the United States District Courts, the court declines to issue a certificate of appealability. A certificate may issue only if defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The court finds that while defendant has attempted to raise constitutional claims, the court finds that he has waived his right to collaterally attack his sentence and his claims are definitively foreclosed by *Beckles*, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014) (quotations omitted). As such, the court declines to issue a certificate of appealability. This matter is terminated.

Date: 11/20/2017                ENTER:

*Philip G. Reinhard*
United States District Court Judge

Notices mailed by Judicial Staff. (LC)